HEARD APRIL TERM, 1874.

## SMITH *vs.* LAKE.

Rule to show cause is not the proper remedy of a Clerk of the Court to compel his predecessor in office to turn over to him the moneys belonging to the office.

BEFORE MOSES, J., AT CHAMBERS, NEWBERRY, FEBRUARY, 1873.

This was a rule to show cause, issued in the name and on behalf of Jesse C. Smith, Clerk of the Court of Common Pleas and General Sessions for Newberry County, against Thomas M. Lake, late Clerk of the same Courts, to compel the latter to turn over to the former the bonds and other securities and moneys belonging to the office.

The respondent, by his answer, objected, *inter alia,* that a rule to show cause was not the legal remedy of a Clerk in such case.

His Honor dismissed the rule as to the moneys, but granted it as to the bonds and other securities.

Smith appealed on the ground of error in dismissing the rule as to the moneys.

*Jaeger,* with whom were *Melton & Chamberlain, Suber & Caldwell,* for appellant.

*Baxter & Johnstone, Jones & Jones,* contra.

The opinion of the Court was delivered by

WILLARD, A. J. The appellant obtained a rule to show cause, against the respondent, for the purpose of compelling the late Clerk of the Court of Common Pleas and General Sessions for Newberry County to turn over to him, as the present incumbent of such office, the property appertaining to such office, including money and securities held by him. The appeal is from so much of the order made on such rule as refuses an order to turn over the money.

There is a difficulty in the way of granting appellant's motion, arising from the nature of the proceeding instituted by him before the Circuit Court. The rule was not issued in any cause depending in that Court. It was moved by the appellant, in his own name and right, and is entitled as a proceeding affecting merely such rights as exist between the appellant and respondent in regard to the particular subject-matter.

The only rights that are put in controversy are such as the appellant may have as Clerk, to be invested with whatever appertains to his office. This is to be regarded as a proceeding by petition, although a petition in form does not appear to have been filed, and the question is, whether it is the appropriate remedy in a case like the present.

As it regards the question of the proper remedy in a case where the Clerk of the Court seeks possession of property or funds appertaining to his office, in the hands of his predecessor, no reason exists for authorizing a form of proceeding unusual in case of applications for similar relief by other public officers. A summary application by rule to show cause is not allowed in that class of cases, and it cannot be resorted to by the Clerk. Should the parties to any suit in which money or securities have been placed in the hands of the late Clerk desire to change the custody of such funds, they have a right to move the Court by a rule taken out in such suit, and under such rule may take orders such as the nature of the case may demand; but that is not the nature of the present application.

It is only necessary to hold that where the Clerk seeks a remedy based upon his right to the possession of property appertaining to his office, it must be of a more formal character than the present rule, such as would admit of a formal mode of trying any issue of fact that might arise in such proceeding.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.